# JUNE 28, 1946

LUCIO DEGALLADO V. THE STATE.

No. 23384. Delivered June 5, 1946.
Rehearing Denied (Without Written Opinion) June 28, 1946.

The opinion states the case.

*Wright Stubbs,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an aggravated assault alleged to have been committed by the appellant on the person of Ray Esparza. The punishment assessed is confinement in the county jail for a period of six months.

Appellant's only complaint is that the evidence is insufficient to sustain his conviction. With this contention we are unable to agree. The record reflects that on the night of the 7th day of September, 1945, Isaac Gusmann gave a party at his home located in the City of Austin, Texas, in honor of his son, who had just come home on a furlough from the Army. Appellant was not invited, but came to the party with some young lady who had been invited to it. About midnight on the occasion in question, some trouble arose among some of the young men including the appellant. Gusmann requested appellant to leave, but instead of complying with the request, he went out to his automobile, took a pistol therefrom, returned to the home of

Gusmann and attempted to shoot him. Ray Esparza intervened and attempted to take the pistol from appellant. In the struggle over the posession of the pistol they fell to the ground. Appellant fired three shots, one of the bullets striking Esparza in the leg and inflicting a wound which required medical attention. He was taken to the hospital where he remained for a period of three weeks before he had sufficiently recovered to return to his home.

Appellant's theory was that the other parties started a fight; that he had nothing to do with the same; that someone knocked him down, and got on top of him, at which time he fired the pistol in self-defense.

The court, in his charge, instructed the jury upon the law applicable to the theory of the State as well as that of the appellant, and no objections were urged to the court's charge.

It will be noted that the evidence raised an issue of fact which the jury decided adversely to his contention; and this court would not be authorized to disturb their finding and conclusion upon an issue of fact, since they are the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony.

Believing that the evidence is sufficient to sustain the conviction, and finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.